EDWARD T. CLARK *vs.* THE BOROUGH OF TORRINGTON.

First Judicial District, Hartford, March Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A person injured by falling upon a sidewalk which has become defective because of ice and snow thereon, cannot recover damages of the municipality if he failed to make a reasonable use of his own senses to avoid the injury.

But the mere fact that he knew of the condition of the sidewalk before attempting to pass over it—although always very material in determining the question of his contributory negligence—is not necessarily conclusive upon that subject.

In the present case the plaintiff, in one part of his testimony, made a statement from which it might be inferred that he knew of the dangerous condition of the walk when he attempted to pass over it, and subsequently materially modified this by a conflicting statement. *Held* that under these circumstances it could not be said, as matter of law, that the trial court erred in accepting and acting upon the last statement.

Argued March 7th—decided April 17th, 1906.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and heard in damages by the Superior Court in Litchfield County, *Gager, J.;* facts found and judgment rendered for plaintiff, and appeal by defendant. *No error.*

*Walter Holcomb*, for the appellant (defendant).

*Homer R. Scoville*, with whom was *Eugene T. O'Sullivan*, for the appellee (plaintiff).

HALL, J.   The only questions which require discussion
upon this appeal are those arising under the defendant's
claim that, upon the undisputed facts before the trial court,
the plaintiff, as a matter of law, was guilty of contributory
negligence.   This claim of the defendant is not based wholly
upon the facts as found by the trial court, but upon those
facts with certain others which, it is alleged, are shown by
the record before us to have been undisputed at the trial,
and which, it is urged, should have been added to the find-
ing upon the defendant's motion to correct.

The facts as found by the trial court pertinent to the
questions raised by the appeal are substantially these :
While the plaintiff, at about half-past eight o'clock on
the evening of December 22d, 1904, was passing in front
of the premises owned by Dr. Hanchett, in the borough of
Torrington, he slipped upon the ice on the sidewalk and
fell, and sustained an injury causing paralysis of the right
leg.   At the time of the accident and for about nine days
previous thereto, there had been in front of the Hanchett
place a rough, uneven, slippery ridge of snow, trodden
down, and left in that condition.   The ridge of snow was
from two to three inches deep, at about the middle of the
walk, was quite pronounced as a ridge for a width of from
two to four feet, and sloped away gradually to the edge of
the walk, which was covered with ice and snow for sub-
stantially its whole width.   Such condition of this walk
was an exception to the walks generally upon this street.
No sand, ashes or other nonslippery substance, excepting
salt, which had proved ineffective, had been sprinkled upon
the walk during said period.   Said sidewalk could easily
and cheaply have been rendered safe for public travel,
either by cleaning, or by the use of sand or ashes, after
the borough authorities were chargeable with knowledge
of its condition.   The place where the accident occurred
was fairly well lighted.   The plaintiff had not passed over
it since the evening of December 17th.   " At said time
his attention had not been particularly directed to the con-
dition of the walk, and when he slipped and fell on the

evening of December 22d, 1904, he had no knowledge of the condition of said walk." On the evening in question he had been walking with a companion on the other side of the street, which he found in a safe condition, and when he passed along the sidewalk in front of the Hanchett residence " he was talking with his companion and paying no particular attention to the walk." He had passed over two thirds of the sidewalk in front of the Hanchett property when he fell, and was in the exercise of ordinary care.

One of the conclusions reached by the trial court from these facts was that the plaintiff was not guilty of contributory negligence.

The substance of the defendant's motion to correct is, that the statements that the plaintiff's attention had not been particularly directed to the condition of the walk, and that when he slipped and fell he had no knowledge of its condition, should be stricken from the finding, and that there should be added to it the statement that the plaintiff knew of the condition of the sidewalk before he passed over it.

The changes asked for are very material to the question of the correctness of the conclusion of the trial court upon the subject of contributory negligence, and the finding should be corrected as requested if it appears that the facts which the defendant seeks to have added were undisputed facts.

Municipalities are not to be held liable to every person who may sustain an injury by slipping upon snow or ice which they may, even negligently, have suffered to remain upon their sidewalks. They are never liable to persons who have failed to make a reasonable use of their own senses to avoid such injuries. The limit of the duty imposed by law upon the defendant was to keep the sidewalk in question reasonably safe and convenient for public travel by persons using it with reasonable care and caution. *Campbell* v. *New Haven*, 78 Conn. 394, 396, 62 Atl. 665.

The mere fact, however, that one who is injured in walking upon a slippery sidewalk knew of its condition before

attempting to pass over it, though always a very material fact in determining the question of contributory negligence, is not necessarily a conclusive one upon that subject. *Wood* v. *Danbury*, 72 Conn. 69, 72, 43 Atl. 554.

But if to the fact found by the trial court—that when the plaintiff fell he was paying no particular attention to where he was walking, although the place was fairly well lighted—there should be added the fact that the plaintiff knew of the dangerous condition of the sidewalk before attempting to pass over it, it might be difficult to sustain the decision of the trial court that the defendant had on the hearing in damages failed to prove contributory negligence. Such conduct upon the part of the plaintiff would scarcely seem consistent with the exercise of ordinary care.

These corrections are asked for by the defendant upon the ground that they are in conformity to the plaintiff's own testimony at the trial. It appears from this testimony as printed, that the plaintiff in one part of his testimony made a statement which might support an inference that he knew the dangerous condition of the walk where he was injured, at the time he attempted to walk over it; and at a later stage of the trial materially modified this statement by a conflicting one.

As it was the exclusive province of the trial court to decide which of these two somewhat conflicting statements of the plaintiff regarding his knowledge of the condition of the sidewalk was true, we cannot say that it erred in accepting the last one and refusing to make the requested corrections of the finding.

There is no error.

In this opinion the other judges concurred.