MABEL E. LAWSON *vs.* THE CITY OF WATERBURY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 8th—decided July 26th, 1932.

*Francis P. Guilfoile,* for the appellant (plaintiff).

*Vincent A. Scully,* with whom was *Charles O'Connor,* for the appellee (defendant).

PER CURIAM. The plaintiff, a graduate nurse, was injured by a fall which occurred while she was walking along a sidewalk in the defendant city, and brought her action upon the ground that it was defective under the statute. General Statutes, § 1420. At the conclusion of the evidence the trial court directed a verdict for the defendant and later denied the plaintiff's motion to set it aside. The jury might have found the following facts: The sidewalk in question runs in

front of a school property. It is of tar, about six feet wide. An iron fence runs along the school property and is at a varying distance from the inner edge of the walk, but at the place where the plaintiff fell, this distance is something over a foot. The space between the walk and the fence is below the surface of the walk from two to four inches or more and the edge of the walk next to it is somewhat cracked and broken and rounded toward it. On the day of the accident, in October, there were fallen leaves in the depression and on the walk, partly, at least, concealing the depression. The plaintiff, as a school girl, had frequently walked by the place, but for some five years before the accident she had very rarely done so. As she was proceeding along on the day of the accident, her attention was drawn to a house across the street and as she was looking toward it her heel caught in the jagged edge of the sidewalk and she fell into the depression and against the fence. She had not noticed the depression before she fell.

The defendant in its brief concedes, as the memorandum of the decision on the motion to set the verdict aside indicates, that the trial court's rulings were based upon the conclusion that the plaintiff had failed to offer any evidence that she was free from contributory negligence. The jury might have found that, even if by her frequent use of the walk years previously, she must have then known of the depression, the few times she had used it in the five years before the accident were not sufficient to keep the condition in her mind, and that it had passed from her consciousness, so that, on the day of the accident, she was not aware of it. A conclusion that she was guilty of contributory negligence as matter of law could then be based only upon a finding that she ought to have perceived it and taken steps to guard herself from danger.

The plaintiff, in walking along the sidewalk, was not bound to keep her eyes continually upon it, but only to exercise such watchfulness as persons of ordinary prudence would observe. *Woods* v. *Boston,* 121 Mass. 337; *Gilbane* v. *Lent,* 41 R. I. 462, 468, 104 Atl. 77; *Chicago* v. *Babcock,* 143 Ill. 358, 363, 82 N. E. 271; *Lattimore* v. *Union Electric Light & Power Co.,* 128 Mo. App. 37, 42, 106 S. W. 543. It cannot be said, as a matter of law, that, in view of the existing conditions at the time, particularly the at least partial concealment of the depression by the fallen leaves, the plaintiff was chargeable with knowledge of it or failed to act as persons of ordinary prudence would have done.

There is error, the judgment is set aside and a new trial ordered.