FRANK A. ANGELILLO v. CITY OF MERIDEN

SUPERIOR COURT   NEW HAVEN COUNTY AT MERIDEN   FILE NO. 72057

Memorandum filed June 23, 1949.

*Lewis J. Somers,* of Meriden, for the Plaintiff.

*Carter H. White,* of Meriden, and *Charles A. Watrous,* of New Haven, for the Defendant.

COMLEY, J. The defendant is correct in its claim that the plaintiff has not established a case of absolute nuisance. A municipal corporation is liable in nuisance apart from the defective highway statute only if it has created the condition which renders public travel dangerous. *Beckwith* v. *Stratford,* 129 Conn. 506; *Fabrizi* v. *Golub,* 134 Conn. 89.

* Here the dangerous condition did not arise from the fact that there was an area of dirt around the fire hydrant. The danger arose from the fact that, at one point at least, the dirt had become depressed below the surface of the adjoining sidewalk to the extent of three inches. There is no evidence that this depression was intended to exist as a part of the construction of the sidewalk. It came about, apparently, as a result of failure to keep the dirt at the same level as the sidewalk. Therefore, the plaintiff's cause of action is under the defective highway statute only, General Statutes, Revision of 1949, § 2126. *Karnasiewicz* v. *New Britain,* 131 Conn. 691.

I find that the depression constituted a defect within the meaning of the statute. I also find that it was a nuisance but, since it was not an absolutte nuisance but one arising out of the failure to remedy the defective condition, the plaintiff must establish that it was the sole proximate cause of his injuries and that his own negligence was not a substantial contributing factor. *Beckwith* v. *Stratford,* supra; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 406.

The defendant relies upon the long familiarity of the plaintiff with the neighborhood as showing that he was guilty of contributory negligencee. He lived nearby and for several years had worked in a factory situated behind the area in question. Upon the stand he admitted long-standing knowledge of existence of the dirt area around the hydrant but denied that he had seen the depression that caused his fall. It must be remembered that the accident happened at 6:30 p. m. on October 31, 1948. On that day the sun set at 4:55 p. m. and the period of twilight ended shortly before 6:30. For all practical purposes it was dark. There was an overhead street light nearby but there was no evidence as to the extent of the illumination from it. It must also be borne in mind that the plaintiff was not bound to act as a person of absolute prudence but only as a reasonably prudent person would act. *Tuckel* v. *Hartford,* 118 Conn. 334, 338.

Under all the circumstances, I conclude that the plaintiff is not barred from recovery by contributory negligence and, by the

same token, I conclude that the defendant has not proven its special defense of assumption of risk.

The plaintiff's medical expenses were only $84. He was out of work for about twelve weeks. He was employed by the R. & S. Polishing Company for three years prior to the accident. When he worked he was paid $60 per week but he testified that during this three-year period he was employed only about half-time. Therefore, his earning capacity was $30 per week on the average and I fix his damages in this respect at $360. For pain and suffering and general incapacity I award $1000.

Judgment is rendered for the plaintiff to recover from the defendant $1444.