FRANK A. ANGELILLO *v.* CITY OF MERIDEN

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, Js.

Argued February 10—decided April 4, 1950.

*Charles A. Watrous,* for the appellant (defendant).

*Lewis J. Somers,* for the appellee (plaintiff).

JENNINGS, J.   The plaintiff had judgment for damages for injuries sustained by him as a result of a fall on a defective sidewalk.   The defendant has appealed and in its assignments of error claims that the finding should be corrected and that the subordinate facts do not support the conclusion of liability.

Summer Street in Meriden enters Cook Avenue from the west but does not cross it.   Cook Avenue is a heavily traveled highway in a thickly settled district. Between the east curb and the sidewalk there are some dirt areas about three feet wide, partially occupied by trees.   Three feet north of the easterly terminus of a marked crosswalk leading from the northwest corner of the intersection across Cook Avenue there is, and for twenty years has been, one of these dirt areas three feet square with a fire hydrant in the middle.   The dirt

area is about three inches below the surface of the concrete. A street light at the northwest corner gives some illumination to this location.

It was dark on October 31, 1948, at 6:30 p. m. At that time the plaintiff crossed Cook Avenue from the northwest corner of the intersection; as he approached the east curb, he deviated to the north of the crosswalk. When he was walking from the curb to the concrete sidewalk, his right foot hit the edge of the sidewalk where it joined the dirt area surrounding the hydrant. This caused him to fall and sustain injury. The plaintiff worked nearby and knew of the location of the hydrant and the dirt patch around it. He saw the curb and hydrant but did not look down at the ground. There was no finding as to when or by whom the hydrant or sidewalk was installed.

The trial court concluded that the highway was defective, that the defendant's violation of § 2126 of the General Statutes was the sole cause of the plaintiff's injuries and that the plaintiff was free from contributory negligence.

No corrections can be made in this finding which will advantage the defendant. It claims that the trial court failed to apply the doctrine of *Corcoran* v. *New Haven,* 108 Conn. 63, 67, 142 A. 569. This doctrine is that travelers who leave the way provided for them may not assume that their path will be free from obstructions. The trial court's failure in that case to charge the jury on the point was held erroneous. In the case at bar, there is no indication that the plaintiff made such a departure from the way provided or that the trial court's conclusion involved a violation of the doctrine. The cases are not factually similar. In the *Corcoran* case the plaintiff fell over a wire stretched around a grass border between the sidewalk and curb. In the case at bar the dirt area in question was not a

continuous border but existed only around the hydrant and the trees. The square encompassing the hydrant was close to the end of the crosswalk and was located where persons using the crosswalk might naturally be. See *Alston* v. *New Haven,* 134 Conn. 686, 689, 60 A. 2d 502. The plaintiff's general familiarity with the location and his observation of it on the night in question were not such as to require a finding of contributory negligence as a matter of law. *Clark* v. *Torrington,* 79 Conn. 42, 44, 63 A. 657; *Cote* v. *Hartford,* 128 Conn. 483, 487, 23 A. 2d 868.

The defendant further claims that, when the statute (§ 2126) provides that an injured person may recover damages from the party bound to keep the highway in repair, it not only specifies the potential defendant but also the measure of its duty. The defendant claims that the duty is not to construct or improve but merely to keep or maintain in repair, that is, to keep the highway in statu quo, whatever its condition was at the city's assumption of control. When a city assumes control of public sidewalks it must exercise reasonable care to keep them in a reasonably safe condition. *Tirendi* v. *Waterbury,* 128 Conn. 464, 467, 23 A. 2d 919. In the case at bar, liability depended on the existence of the defect and not on the underlying causes which produced it. *Agriesto* v. *Fairfield,* 130 Conn. 410, 417, 35 A. 2d 15. The existence of this defect for at least twenty years cast a burden on the defendant to remedy the situation. The court was correct in so holding.

There is no error.

In this opinion the other judges concurred.