ANIBAL RODRIGUEZ *v.* CITY OF NEW HAVEN

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

474

Argued February 4—decision released April 14, 1981

*Joseph B. Lukas,* with whom, on the brief, was *Giancarlo Rossi,* for the appellant (plaintiff).

*Clarine Nardi Riddle,* deputy corporation counsel, with whom was *Charles G. Albom,* corporation counsel, for the appellee (defendant).

ARMENTANO, J. The plaintiff, a twenty-eight year old male, commenced this action to recover damages for his personal injuries proximately caused by the defendant's failure to maintain and repair a public sidewalk under its control. At the time of trial, the plaintiff withdrew the second count of his complaint, sounding in nuisance.

The facts are as follows: The plaintiff and his wife lived for approximately one year prior to the accident in a second floor apartment on the corner of Baldwin Street and Davenport Avenue, New Haven. An eight foot wide sidewalk bordered Baldwin Street and at a point in front of 29 Baldwin Street, the house adjacent to the plaintiff's residence, the portion of the sidewalk closest to the street was in a cracked and uneven condition, a defect which had existed for at least six months. A

substantial part of the sidewalk adjacent to the defective portion, however, was in good condition and offered a safe path for pedestrians.

At approximately 9 p.m., on the evening of June 12, 1976, the plaintiff parked his automobile in the vicinity of 29 Baldwin Street after spending the day painting his sister's apartment. He walked to a local variety store, one block from his apartment, to purchase a pack of cigarettes and then returned towards his home by way of the sidewalk. He testified that he walked at a normal pace, that he wore army boots and that his hands were free except for the recently purchased pack of cigarettes. He also testified that darkness, fog and the obstruction by trees of light emanating from the street lamps all prevented him from seeing the defective portion of the sidewalk. The plaintiff fell while passing over the cracked and uneven portion of the sidewalk, suffering personal injuries. He was immediately transported to the Yale-New Haven Hospital emergency room. The emergency room report, admitted into evidence, indicates that the plaintiff admitted to having "a few drinks" although during trial the plaintiff denied making this statement or drinking on the day of the accident.

The plaintiff's cause of action is based on the defendant's breach of its duty to maintain and keep in repair the sidewalk opposite 29 Baldwin Street as required by General Statutes § 13a-149.[1] The defendant's liability may only arise from a breach

---

[1] General Statutes § 13a-149 provides in part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . ." The statute includes injuries caused by defective public sidewalks over which a municipality has assumed control. *Angelillo* v. *Meriden,* 136 Conn. 553, 556, 72 A.2d 654 (1950).

of the duty imposed by this statute. *Baker* v. *Ives,* 162 Conn. 295, 298–99, 294 A.2d 290 (1972) ; *Burke* v. *West Hartford,* 147 Conn. 149, 151, 157 A.2d 757 (1960). To establish liability, the plaintiff had the burden of proving (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the sidewalks within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the exercise by him of due care. Unless the trial court was satisfied that the plaintiff's own contributory negligence was not a proximate cause of his injuries, liability does not attach to the defendant. Id., 151–52, and citations therein; *Jacen* v. *East Hartford,* 133 Conn. 243, 247, 50 A.2d 61 (1946); *Frechette* v. *New Haven,* 104 Conn. 83, 132 A. 467 (1926).

After a trial to the court, it concluded that the plaintiff's own negligence caused the accident and, accordingly, rendered judgment for the defendant. The plaintiff has appealed, raising the issue of whether the court erred in concluding that he failed to exercise due care at the time of his fall.[2]

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book § 3060D. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically

[2] During oral argument, the plaintiff raised for the first time the question of what effect the doctrine of comparative negligence would have on the defendant's defense of contributory negligence. See General Statutes § 52-572h. Since the parties neither briefed nor raised this issue below, we are not bound to consider it. See Practice Book § 3063; *Rowland* v. *Maher,* 176 Conn. 57, 61n, 404 A.2d 894 (1978); *Capozzi* v. *Luciano,* 174 Conn. 170, 173–74, 384 A.2d 359 (1978).

correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Id., 222.

The trial court supported its conclusion of the plaintiff's contributory negligence with two findings. The first is that he "had taken 'a few drinks,' at a time shortly preceding his fall."[3] That part of the finding dealing with when the ingestion of alcohol occurred has no basis in the record, transcript or exhibits. The only evidence relating to the plaintiff's libation is the emergency room report in which the attending doctor made this note: "Ptnt [patient] states fell—had 'a few drinks.'" There is no mention that the plaintiff had his drinks "at a time shortly preceding his fall." Furthermore, the mere finding of the plaintiff's imbibing on the day of the accident, without more, is not sufficient to substantiate a conclusion that the plaintiff exercised less than the ordinary care that would be expected from an ordinary prudent person under similar conditions. The first finding is erroneous and does

---

[3] Although it is not specifically stated, the evidence indicates that the court was referring to some type of alcoholic beverage.

not support the court's conclusion. See Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra. To require reversal, the error must be harmful. *Doran* v. *Wolk,* 170 Conn. 226, 231, 365 A.2d 1190 (1976). In light of our decision on the court's second finding, we hold that this error is harmless.

The court also concluded that the plaintiff was contributorily negligent because he "was fully familiar with the defective condition of the sidewalk, in view of his long period of residence in the area" and, if he "had exercised due care, he could have utilized the non-defective portion of the sidewalk, as a means of returning to his home."[4]

Although pedestrians are bound to make reasonable use of their senses to ascertain the condition of the ground and the area over which they are passing, the general rule is that pedestrians can assume that a municipality has performed its duty to maintain the sidewalks under its control in a reasonably safe condition for the ordinary use of pedestrians unless the contrary is evident or reasonably should have been evident. *Chazen* v. *New Britain,* 148 Conn. 349, 353, 170 A.2d 891 (1961); *Russakoff* v. *Stamford,* 134 Conn. 450, 454, 58 A.2d 517 (1948); *Tulley* v. *Demir,* 131 Conn. 330, 333, 39

---

[4] In this case, the plaintiff knew of the dangerous condition at the time of his fall, although he testified that the inadequate illumination of the area prevented him from seeing it. This knowledge distinguishes this case from the one where the injured party had previous knowledge of a defect but did not think of it or momentarily forgot it at the time the injuries were sustained. See *Russakoff* v. *Stamford,* 134 Conn. 450, 58 A.2d 517 (1948); *Lawson* v. *Waterbury,* 115 Conn. 716, 161 A. 667 (1932); *Clark* v. *Torrington,* 79 Conn. 42, 63 A. 657 (1906); *Congdon* v. *Norwich,* 37 Conn. 414 (1870); *Angelillo* v. *Meriden,* 16 Conn. Sup. 223 (1949), aff'd, 136 Conn. 553, 72 A.2d 654 (1950); 40 Am. Jur. 2d, Highways § 572.

A.2d 877 (1944); *Pendlebury* v. *Bristol,* 118 Conn. 285, 290–91, 172 A. 216 (1934). The plaintiff's knowledge of defective conditions, however, is important, but by no means conclusive, evidence tending to show his contributory negligence. *Congdon* v. *Norwich,* 37 Conn. 414, 420 (1870).

The question remains whether once armed with knowledge of a defective condition, the plaintiff exercised the degree of care proportionate to the existing, known danger. *Brosz* v. *Danbury,* 140 Conn. 279, 281, 99 A.2d 136 (1953). Knowledge of a dangerous condition generally requires greater care to meet the standard of reasonable care. See *Film* v. *Downing & Perkins, Inc.,* 135 Conn. 524, 526, 66 A.2d 613 (1949); *Clark* v. *Torrington,* 79 Conn. 42, 45, 63 A. 657 (1906). Pedestrians are required to act upon what they know and the failure so to act when there is nothing to prevent or excuse them from doing so is negligence which will prevent their recovery. *Martin* v. *Stamford Gas & Electric Co.,* 118 Conn. 319, 322, 172 A. 218 (1934). On the other hand, if a plaintiff knew of the dangerous condition of a sidewalk but used reasonable care in passing over it, he would not be chargeable with contributory negligence. *Brosz* v. *Danbury,* supra; *Congdon* v. *Norwich,* supra. Although the plaintiff in this case was not required to take an alternate route or detour because of his knowledge of the defects in the sidewalk, he was bound to take the precautions that an ordinary prudent man would take to avoid the dangerous condition. See *Russakoff* v. *Stamford,* supra; *Meallady* v. *New London,* 116 Conn. 205, 206–207, 164 A. 391 (1933); *Blake* v. *Waterbury,* 105 Conn. 482, 484, 136 A. 95 (1927); *Lucy* v. *Norwich,* 93 Conn. 545, 549, 106 A. 762 (1919); *Wood* v. *Danbury,* 72 Conn. 69, 43 A. 554 (1899).

In this case, the court decided that due care required the plaintiff, who had knowledge of the cracked and uneven portion of the sidewalk closest to the street, to avoid the dangerous condition by walking on the safe section of the sidewalk directly adjacent to the defect. The plaintiff's failure to exercise this due care proximately caused his injuries. Whether the plaintiff was in the exercise of due care is a question to be answered by the trier of fact. *Parker* v. *Hartford,* 122 Conn. 500, 505, 190 A. 866 (1937); *Congdon* v. *Norwich,* supra, 420–21. When the circumstances point as strongly to the absence of due care as to the existence of due care, or point in neither direction, there is no basis for a finding of due care. *Burke* v. *West Hartford,* supra, 152. Since the court's finding is not clearly erroneous we will not overrule it on appeal.[5] See Practice Book § 3060D; *Stelco Industries, Inc.* v. *Cohen,* 182 Conn. 561, 564, 438 A.2d 759 (1980); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra.

There is no error.

In this opinion the other judges concurred.

---

[5] The plaintiff argues that although he knew of the defect, he was unable to see it at the time of the accident because of the lighting conditions. This fact does not disturb the trial court's finding of contributory negligence. Since it was only one block from the variety store to the plaintiff's residence, the inability to distinguish the cracked and uneven portion of the sidewalk closest to the street, of which condition he was aware, did not prevent him from walking on the safe portion of the sidewalk farthest from the street, thereby safely bypassing the dangerous condition.