[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In their amended complaint of March 9, 1989, the plaintiffs, William Gough and Edna Gough, sue the defendant, Town of Fairfield, to recover for injuries allegedly sustained by William Gough when he fell in a "parking lot located at One Rod Road." The first count seeks damages under the defective highway statute, General Statutes 13a-149, and in the second count, Edna Gough seeks loss of consortium damages.
The defendant town has now moved for summary judgment (#121), and has filed an affidavit by the town's Director of Public Works. The plaintiffs have filed William Gough's affidavit and copies of excerpts of his deposition testimony.
In support of summary judgment, the defendant argues that no question of fact exists that William Gough sustained his injuries in a parking lot, and that parking lots are not a highway, bridge or sidewalk under the defective highway statute. The defendant also argues that loss of consortium damages are CT Page 6560 not available in a defective highway action.
The plaintiffs counter that the defective highway statute applies to their cause of action or that, at least, a question of fact exists regarding whether the site of the plaintiff's injury is within the purview of the defective highway statute.
However, an examination of the moving papers leads to the conclusion that no question exists that William Gough was in fact injured in a parking lot. The defendant's affiant, Frank Daniels, the Fairfield Director of Public Works, attests that he is familiar with the parking lot where the plaintiff claims he was injured, and in which school buses are parked. He attests that the lot is about 100 feet from One Rod Highway and that no sidewalks exist within the parking lot.
In their amended complaint, the plaintiffs allege that William Gough "was walking in the parking lot located at One Rod Road . . . when he was caused to fall because of the dangerous and defective condition of the sidewalk." In his affidavit, William Gough attest, that he fell in an "area" at One Rod Highway's "termination," and that "school buses, town vehicles and private passenger vehicles were driven in and around this area." The plaintiffs also submit copies of excerpts from William Gough's deposition testimony. However, the copies are uncertified, and no one has attested to their authenticity, and thus the deposition testimony may not be used to decide this summary judgment motion.
The plaintiff's affidavit does not dispute the defendant's affidavit regarding the location of the plaintiff's fall in the parking lot, because it only vaguely describes an "area," even though the complaint alleges that he fell in a "parking lot."
The three Superior Court decisions in which the issue has been addressed have held that no cause of action exists under the defective highway statute for injuries sustained in a parking lot. See Alfano v. Town of Litchfield,6 Conn. L. Rptr. 303, 304 (Pickett, J., April 13, 1992); Appleton v. Kendra,5 Conn. L. Rptr. 158, 159 (Hennessey, J., October 22, 1991); Rotella v. City of Waterbury, 4 CSCR 544, 545 (Langenback, J., May 31, 1989). These courts have reasoned that the defective highway statute provides a remedy for injuries caused by defective roads and bridges; General Statutes 13a-149; and public sidewalks; Rodriguez v. New Haven, 183 Conn. 473,439 A.2d 421 (1931). Because the defective highway statute narrows governmental immunity, these courts have strictly construed the defective highway statute and have refused to expand its applicability to parking lots. CT Page 6561
It is noted that the plaintiffs chose to pursue their claims under the defective highway statute, even though they could have asserted a common-law nuisance claim against the town. See General Statutes 52-557n(a)(1)(c) (A municipality shall be liable for damages caused by acts that "constitute the creation . . . of a nuisance" unless the acts fall within the scope of the defective highway statute).
Injuries sustained in a parking lot may not be remedied under the defective highway statute in my opinion. Therefore the defendant's motion for summary judgment on count one is granted.
Since count two, loss of consortium, depends on the success of count one; Izzo v. Colonial Penn Ins. Co., 203 Conn. 305,312, 524 A.2d 641 (1987); summary judgment also enters as to count two in favor of the defendant.
So Ordered.
Dated at Bridgeport, Connecticut this 9th day of July 1992.
WILLIAM B. LEWIS, JUDGE