[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Shirley Carey, brings this action against the defendant, Town of West Hartford (Town) for personal injuries she allegedly sustained on February 25, 1986 when she tripped on a defective sidewalk in front of #32 Mohegan Drive in that Town.
This action is brought pursuant to General Statutes 13a-49
which provides in pertinent part:
 "Any person injured . . . by means of a defective road . . . may recover damages from the party bound to keep it in repair."
The gravamen of the Town's defense is that: (1) the plaintiff has failed to prove the sidewalk was defective; (2) the plaintiff has failed to prove that she was in the exercise of due care when she fell. See Burke v. West Hartford,147 Conn. 149, 152 (1960); (3) the plaintiff has failed to prove notice, i.e. that the Town knew or should have known of the alleged defect; and (4) that the Town, in fact, did not fail to remedy the defect in a reasonable time under all the circumstances.
From the evidence adduced at trial, the court finds the following facts to have been proven by a fair preponderance of the evidence.
I. Was the Sidewalk Defective Where the Plaintiff Fell?
On January 25, 1986, at approximately 4:00 P.M., the plaintiff, who lived on Mohegan Drive in West Hartford for many CT Page 7366 years, was walking in a northerly direction on the sidewalk and had reached a point in front of #32 Mohegan Drive when she tripped on a "stub toe condition." The weather was clear, dry and cold with a strong wind blowing in the plaintiff's face.
It is not clear as to the height of the "stub toe condition." The plaintiff in a letter to the Town dated March 3, 1986 stated that it was 2" or 3" (Ex. G). A Town inspector, Richard Tietgan, who inspected that location on November 2, 1984 found the condition to be 1/2" — 1", an admittedly defective condition (Ex. H). It is certainly plausible to assume that the condition worsened during the two year span between Mr. Tietgan's inspection and the plaintiff's fall. The Town presented no evidence as to the nature of the alleged defective condition. The court can only conclude that the sidewalk was in fact defective when the plaintiff fell and that the defect caused her fall.
II. Was the Plaintiff Free of Contributory Negligence?
The evidence also conclusively establishes that the plaintiff was well aware of this condition for at least two years prior to the fall. She has been walking over this area twice a day, five days a week, for many years.
It is undisputed that pedestrians are required to act upon what they know and failure to do so unless prevented is negligence as a matter of law. Rodriquez v. New Haven,183 Conn. 473, 479 (1981). However, if the pedestrian used reasonable care in passing over a defective condition, she would not be chargeable with contributory negligence. Id., supra, 479. The mere fact that there may have been momentary inadvertence or inattention on the plaintiff's part would not necessarily constitute negligence. Lugoss v. 95 Pearl St. Corp., 157 Conn. 73, 84 (1964).
The question then before the court is whether in view of the fact that the plaintiff was aware of the condition then and there existing she used due care as she walked along the sidewalk.
There were some apparent inconsistencies in the plaintiff's testimony, but evaluating it as a whole, the court finds that there were in fact over 70 stub toe conditions existing on Mohegan Drive at the time of the plaintiff's fall. The plaintiff testified, and the court finds her testimony credible, that she was walking into a stiff wind.
She was always aware of the many areas of disrepair and tried to glance down periodically. She apparently did not look CT Page 7367 down at that particular point. She was not thinking of the particular defect at that time because there were so many of them. She further testified that she is always careful, although she acknowledged that she wasn't paying more attention when she walked over this area. The court interprets that remark to mean, in context, that she always walked with care over that area.
In conclusion, the court finds that under all of the circumstances the plaintiff was in the exercise of due care and was not contributorily negligent.
III. Did the Town Have Notice of the Defect?
After the Town's inspection of November 2, 1984 it admittedly did nothing to remedy the defect. See testimony of Michael LaRosa, the supervisor of construction and inspection for West Hartford. The court therefore finds that the defendant had actual as well as constructive notice of the defect. Linn v. Hartford, 135 Conn. 469, 471-472 (1949).
IV. Did the Town Fail to Remedy the Defect in a Reasonable Time Under all the Circumstances?
"The duty of the municipality is to maintain its streets in a reasonably safe condition for travelers thereon; the care required obviously being greater over the sidewalk than over the traveled way." Frechette v. New Haven, 104 Conn. 83, 87 (1926).
The test, of course, is whether or not the Town used reasonable care to keep the roads reasonably safe. Witek v. Southbury, 132 Conn. 104, 111 (1945).
Among the considerations in determining whether the Town exercised reasonable care in repairing and maintaining its sidewalks are the following: (1) the miles of sidewalk in the Town; (2) the number of employees and equipment available; (3) the location of the sidewalk in question; (4) the extent of the use of the sidewalk in question as compared to other sidewalks in the town; (5) the amount of money available; (6) any other relevant factors, including other needs in the (highway) system. Hall v. Burns, 213 Conn. 446, 474 (1990).
The Town through Michael LaRosa, presented evidence that it did no survey for ten years prior to 1984. The Town, in that year, employed four persons to supervise 230 miles of sidewalk. It made no repairs except on complaint or when someone fell. As a result of the 1984 inspection, the defendant found 10,222 slabs with defects of 1/2" — 1" in need of repair at a cost of $1,500,000. In addition, other sidewalks were in need of repair CT Page 7368 at a cost of $500,000. The budget for the year 1985-1986 was $50,000 which was expended. The defendant offered no explanation as to why the appropriation was so limited.
No evidence was produced as to the total amount of the West Hartford budget or to any extent whatsoever of the Town's efforts to remedy what was obviously a deplorable condition then existing. This court can only conclude that the Town found it more practical and expedient to make repairs after someone fell than to prevent these falls.
Even though the area of the plaintiff's fall was in a moderately travelled area, the Town has demonstrated that it repaired no well-travelled areas either, but only made repairs on an ad hoc basis. The court can only conclude that it did not remedy the defect in question in a reasonable amount of time under the circumstances and therefore finds liability in favor of the plaintiff.
DAMAGES
The plaintiff claims that as a result of her fall she injured her right elbow, ribs, chest, neck, left ankle, left leg, left knee and low back.
She was treated by her family physician, Dr. Pickering, directly following the accident for her elbow, ribs and chest. Dr. Ritland subsequently treated her for her continuing elbow problem diagnosed as a lateral epicondylites. Pain persisted in the elbow for almost two years.
She was also referred to Dr. Isaacs, a rheumatologist. He found her to be suffering from left knee pain as well as neck and elbow pain.
In November of 1987, she sought further help from Dr. Dowling an orthopedic surgeon. She reported low back pain to Dr. Dowling which she claimed she had reported to Dr. Pickering six to eight weeks after the accident. Dr. John Rixon testified that the plaintiff had no prior back problems. He was her family doctor prior to Dr. Pickering.
Dr. Dowling, after treating the plaintiff for about two years, opined that as a result of this accident the plaintiff suffered a 5% permanent partial disability to her knee and low back. The defendant offered no evidence in contradiction.
Although the plaintiff's testimony was somewhat confused and even contradictory at times, the court concludes that she did suffer from the injuries claimed for a period over three CT Page 7369 years and continues to suffer a mild disability to her knee and back. The plaintiff, who is 65 years of age, has a life expectancy of 18.9 years.
The court finds that she has incurred medical bills in the amount of $3,994.54. She has proven a loss of earning capacity of $412.57. (See Laskin v. Corcoran, 146 Conn. 512, 514 (1959). Her total special damages are $4,407.11.
In addition thereto, the plaintiff is entitled to $17,000 for her post and future pain and suffering, or a total of $21,407.11.
Judgment may enter accordingly.
FREED, J.