[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Mary Gaylor, filed an amended complaint on January 3, 1994, alleging in a single count that the defendant, Town of West Hartford, is liable to her for damages as a result of injuries sustained when she fell into a pothole in a parking lot owned by the defendant. The plaintiff alleges that on February 25, 1990, she was in a parking lot located at 27 Brace Road, West Hartford, when suddenly and without warning she "slipped and fell forcibly to the ground thereby sustaining injuries." The plaintiff further alleges that for sometime prior to the incident the surface of the parking lot had been in an icy, slippery, dangerous and unsafe condition. Finally, the plaintiff alleges that the defendant was negligent in that it failed to repair the pothole which allegedly caused her fall and resulting injuries. CT Page 5180
On April 8, 1991, the defendant filed an answer and special defense to the original complaint. The defendant based its special defense on the doctrine of governmental immunity. On January 24, 1994, the defendant filed a motion for summary judgment on the ground that the municipal defective highway statute which provides the exclusive remedies available to the plaintiff does not cover injuries sustained in a parking lot. As required by Practice § 380, the defendant has filed a memorandum in support of its motion for summary judgment, and the plaintiff has timely filed a memorandum in opposition.
DISCUSSION
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99 (1993). A party seeking summary judgment has the burden of showing the nonexistence of any material fact. Id. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson,176 Conn. 304, 309, 407 A.2d 971 (1978).
In its memorandum of law in support of the motion for summary judgment, the defendant argues that the plaintiff is barred from recovering in this action "in that plaintiff has failed to state a claim under Connecticut General Statutes § 13a-149 for which relief may be granted." The defendant further argues that the defective highway statute which provides the exclusive remedies available to the plaintiff does not cover injuries sustained in a parking lot. Accordingly, the defendant argues that it is immune from suit pursuant to the doctrine of governmental immunity.
In her memorandum in opposition, the plaintiff counters that the defective highway statute is not the exclusive remedy available to one suing a town or municipality when the act complained of involves negligence with respect to a ministerial act. The plaintiff further argues that the determination of whether repairing a pothole in a parking lot is discretionary or ministerial is a question of fact. CT Page 5181 Therefore, the plaintiff argues the defendant's motion for summary judgment should be denied.
In Sanzone v. Board of Police Commissioners, the Connecticut Supreme Court held that "an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." Although General Statutes § 13a-149 provides a basis for recovery to "[a]ny person injured in person or property by means of a defective road or bridge," recovery under the statute for injuries sustained on public sidewalks is also permissible. SeeRodriguez v. New Haven, 183 Conn. 473, 439 A.2d 421 (1981). The only Connecticut Superior Court cases that have examined the applicability of General Statutes § 13a-149 have held that no cause of action exists under the defective highway statute for injuries sustained in a parking lot. See Rotella v. Cityof Waterbury, 4 CSCR 544, 545 (May 31, 1989, Langenbach, J.) (parking lots maintained by municipalities do not come within the purview of § 13a-149, and a suit for damages under General Statutes § 13a-149 is not a legally sufficient cause of action); Gough v. Town of Fairfield, 7 Conn. L. Rptr. 50 (July 9, 1992, Lewis, J.) (injuries sustained in a parking lot may not be remedied by the defective highway statute); Alfano v.Town of Litchfield, 6 Conn. L. Rptr. 303, 304 (May 11, 1992, Pickett, J.) (because General Statutes § 13a-149 does not apply to parking lots, the motion to strike is granted); Appleton v.Kendra, 5 Conn. L. Rptr. 158 (November 11, 1991, Hennessey, J.) (plaintiff's fall in a parking lot does not come within the purview of § 13a-149).
Against this background, the plaintiff is precluded from bringing a cause of action under the defective highway statute. However, the amended complaint does not list allegations pursuant to the defective highway statute. Rather, the amended complaint sounds in negligence against the defendant Town of West Hartford. The plaintiff alleges that the defendant was negligent in that it failed to repair the pothole that allegedly caused her injuries. These allegations present a different factual scenario than those found in the cases cited by the defendant in its memorandum. If the defendant's duty to repair the pothole that allegedly caused the plaintiff's injury is discretionary, then the defendant is afforded the protection of governmental immunity. However, if CT Page 5182 the defendant's duty to repair the pothole is ministerial, then it cannot invoke the doctrine of governmental immunity and the plaintiff has a valid cause of action against the defendant. The determination of whether the defendant's duty to repair the pothole is discretionary or ministerial presents a question of fact.
In Evon v. Andrews, 211 Conn. 501, 559 A.2d 1131 (1989), the Supreme Court set forth the general rule of governmental or municipal immunity as follows:
 A municipality itself was generally immune from liability for its tortious acts at common law . . .its employees faced the same personal tort liability as private individuals. A municipal employee has qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . . the word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion.
(Citations omitted.) Evon, supra, 211 Conn. 505. In Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 544 A.2d 185
(1988), the Supreme Court held, "whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act." Gordon, supra, 208 Conn. 165. Similarly, in Appleton v. Kendra,5 Conn. L. Rptr. 158 (November 11, 1991, Hennessey, J.), the only other Superior Court case to address the issue presented in the present case, the court denied the defendant municipality's motion for summary judgment. In Appleton, court held that "[t]he determination of whether the act of repairing potholes in a parking lot not covered under § 13a-149
is discretionary or ministerial is a question of fact."Appleton, supra, 5 Conn. L. Rptr. 160. In denying the defendants' motion for summary judgment, the court reasoned that "[t]he defendants have failed to present any case law which would support their contention that repairing potholes in a parking lot is a discretionary act." Id. Here, likewise, the defendant in the present case has failed to present any CT Page 5183 case law which would support a determination that the repairing potholes in a municipal parking lot is a discretionary act. Accordingly, since there is a genuine issue of fact as to the nature of the defendant's act, the defendant's motion for summary judgment is hereby denied.
Michael R. Sheldon Judge