[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
By a two count complaint dated July 10, 1995, and filed with the court in August 1, 1995, the plaintiff, Gwyneth A. Roberts of Pawcatuck, Connecticut, seeks damages against the defendants, the Town of Stonington (Town), David S. Burdge (Burdge), first selectman of the Town, and Peter Balestracci (Balestracci), the Town's highway superintendent, as a result of a slip and fall. According to the complaint, the plaintiff, on July 20, 1993, was exiting the Town Hall when CT Page 115 she slipped and fell on the top platform step leading into the building. The plaintiff alleges that the Town and its employees were negligent in inspecting, maintaining, and warning pedestrians of the alleged defective condition of the step. Count one of the complaint is brought pursuant to General Statutes § 13a-149, Connecticut's municipal defective highway statute. Count two of the complaint realleges the allegations of count one and seeks indemnification from the Town for the alleged negligence of Burdge and Balestracci pursuant to General Statutes § 7-465.
On August 21, 1995, the defendants moved to dismiss the entire complaint on the ground that the plaintiff has failed to give timely notice of the action as required by § 13a-149. The defendants further assert that the plaintiff can not circumvent the notice requirements of the statute by relying on § 7-465 in its second count. In essence, the defendants attack the subject matter jurisdiction of the court based on the lack of adequate notice. The plaintiff opposes the motion to dismiss claiming that the notice requirements of § 13a-149
must be liberally construed, and that even if the notice was defective, the second count states a valid, independent and alternative cause of action. Both sides have submitted briefs in support of their respective positions.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993) quoting Shea v. FirstFederal Savings Loan Ass'n of New Haven, 184 Conn. 285, 288,439 A.2d 997 (1981). "A court has subject matter jurisdiction CT Page 116 if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (Internal quotation marks omitted.) Plasil v. Tableman, 223 Conn. 68, 80, 612 A.2d 763
(1992). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728
(1989).
"Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . in the trial court. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. Moreover, whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." (Citations omitted; internal quotation marks omitted.) In re Judicial Inquiry No. 85-01, 221 Conn. 625,629, 605 A.2d 545 (1992).
General Statutes § 13a-149 states in pertinent part:
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall within ninety days thereafter be given to a selectman of such town . . . .
The statute, as construed by our Supreme Court, also encompassed injuries caused by defective public sidewalks. See Rodriguez v. New Haven, 183 Conn. 473, 474 n. 1,439 A.2d 421 (1981). "Conn. Gen. Stat. § 13a-149 imposes the same duties on a municipality as Conn. Gen. Stat. § 13a-144 imposes on the state." K.L.M., Inc., v. Burns, 1 CSCR 187 (February 26, 1986, Cioffi, J.). If a plaintiff fails to provide a municipality with the statutorily mandated notice within 90 days of the injury, the plaintiff can not recover. SeeSanzone v. Board of Police Commissioners, 219 Conn. 179, 198,592 A.2d 912 (1991). CT Page 117
It is important to note that the accident occurred on the Town Hall steps, and not on a sidewalk. Neither the plaintiff nor the defendants have cited, and the court has not found, any cases holding that the defective highway statute applies to municipal steps. The court need not address the application of the statute to this situation, however, because even if it did apply, a review of the pleadings and a copy of the notice in this case demonstrates that the plaintiff's notice to the Town was untimely
According to the complaint, the plaintiff was injured on July 20, 1993. Plaintiff's exhibit A, entitled "Notice of Intention to Commence Action" and attached to the complaint, bears the Stonington Town clerk's time stamp which indicates that the notice was received on October 20, 1993. The plaintiff does not dispute that the notice was given 92 days after the date of the injury. The plaintiff relies on the case of Pratt v. Town of Old Saybrook, 225 Conn. 177,621 A.2d 1322 (1993) for the proposition that § 13a-149 must be liberally construed, and thus provides some leeway in the 90 day notice requirement. A close reading of the case, however, demonstrates that the court held that the content of the required notice must be liberally construed because of the statutes' liberal saving clause. The issue of whether the notice could be given after the expiration of 90 days was never addressed in Pratt because our Supreme Court has already definitively stated that notice must be given within 90 days of the injury or suit is barred. See Sanzone, supra. "Statutory written notice within 90 days of the injury is a condition precedent to maintaining a cause of action under the defective highway statute and the absence of such notice bars recovery as a matter of law." Simms v. Stanford, 8 CSCR 1021,1022 (August 13, 1993, 1993, Zoarski, J.).
Therefore, count one of the complaint is barred due to the lack of timely notice, and the court lacks subject matter jurisdiction to adjudicate its merits. It is therefore dismissed.
Count two of the complaint alleges a cause of action based on General Statutes § 7-465. That statute states in pertinent part:
 Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or CT Page 118 local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any willful or wanton act of such employee in the discharge of such duty. . . .
"An action under the highway defect statute . . . is a plaintiff's exclusive remedy against a municipality . . . `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board ofPolice Commissioners, supra, 219 Conn. 192. "Therefore, a town may not be held liable for damages caused by highway defects under § 7-465 (a), since this would allow a plaintiff to circumvent the requirements of § 13a-149 by suing a municipal employee and seeking indemnification from the town."Pratt v. Old Saybrook, supra, 225 Conn. 180.
As the court has previously noted, it is not clear whether the defective highway statute is even applicable in this case. Therefore, that statute may not be the plaintiff's exclusive remedy, and the court would have subject matter jurisdiction to hear the merits of count two. Even the plaintiff admits in her brief that "the location [of plaintiff fall] is obviously not a street, road, or bridge." Therefore, the court construes count two as an alternative claim for relief in accordance with Practice Book § 137.[1]
Count one of the complaint is dismissed due to the court's lack of subject matter jurisdiction based on the untimely service of notice under General Statutes § 13a-149. Count two of the complaint states a valid alternative claim for relief over which the court has jurisdiction.
CONCLUSION
For the above stated reasons, plaintiff's motion to CT Page 119 dismiss counts one and two the complaint is granted as to count one, but denied as to count two.
Austin, J