[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS AND MOTION TO STRIKE
On December 7, 2000, the plaintiffs, Willie Bea and Edward Bostick, commenced this action against the defendants, state of Connecticut (state), town of Windham (town)[1] and Foster Development Co. The action arose from the injuries caused by the alleged failure of the defendants to maintain and repair the pedestrian sidewalk in front of the building located at 670-676 Main Street, Willimantic, Connecticut. The amended complaint alleges the following facts. On December 9, 1999, Willie Bea Bostick tripped and fell while walking on the sidewalk sustaining injuries. At the time, the building was leased to the state of Connecticut department of social services by Foster Development Co.
On February 15, 2001, the state filed a motion to dismiss counts five, six, eleven and twelve on the ground that the court lacked subject matter jurisdiction because the state had not waived its immunity from suit. Count five asserts that the state failed to maintain the sidewalk pursuant to General Statutes § 7-163a (c).[2] Count six alleges that the failure to remove the accumulation of snow and ice upon the sidewalk and repair the uneven condition of the bricks constitutes a nuisance. Counts eleven and twelve aver loss of consortium claims by Edward Bostick. The state filed a memorandum of law in support of its motion to dismiss, but the plaintiffs did not file a memorandum in opposition.[3]
On July 11, 2001, the town filed a motion to strike the second, seventh and eighth counts of the amended complaint on the ground that they are barred by General Statutes § 13a-149. The second count sounds in nuisance. Counts seven and eight assert loss of consortium by Edward Bostick. The town filed a memorandum in support of its motion to strike pursuant to Practice Book § 10-42(a). The plaintiffs did not file a memorandum in opposition to the motion to strike.[4]
The state moves to dismiss counts five, six, eleven and twelve. The state contends that the court lacks subject matter jurisdiction because CT Page 1227 it enjoys sovereign immunity. The plaintiffs have failed to name any legislation, statutory or otherwise, that removes the state's immunity and allows suit.
Practice Book § 10-31 states that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400 (2001). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996).
"[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v.Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017,119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of subject matter jurisdiction of a court is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
The first issue is whether the state has waived its sovereign immunity. "In Connecticut, we have long recognized the validity of the common-law principle that the state cannot be sued without its consent and that since the state can act only though its officers and agents a suit against a state officer is in effect one against the sovereign state." Horton v. Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). "[T]he sovereign is immune from suit unless the state, by appropriate legislation, consents to be sued." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody N.E., Inc., supra, 239 Conn. 101. The state may consent to suit either through an explicit statutory waiver of sovereign immunity or through the claims commissioner. Krozser v. NewHaven, 212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied sub nom., CT Page 1228Krozser v. Connecticut, 493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774
(1990).
"Our analysis is more specifically illuminated by the well settled principle that when the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of necessary implication." (Internal quotation marks omitted.) Dept. of Public Works v. ECAP Construction Co., 250 Conn. 553,558-59, 737 A.2d 398 (1999).
The state retains sovereign immunity in the present action because there is no express or implied waiver of immunity in § 7-163a. InGould v. Hartford, 44 Conn. Sup. 389, 691 A.2d 35 (1995), Judge Blue held that § 7-163a does not waive sovereign immunity. The court noted that § 7-163a, along with the municipal ordinances enacted under the provision, impose a significant burden on the state. "In order to comply with this municipal command, the state would be obliged to identify all of the sidewalks abutting its many properties and employ and mobilize a sizeable work force to clear them of ice and snow. A duty of this description cannot be imposed upon the state without its explicit authorization." Id., 399-400. Absent explicit authorization, the court cannot read an implicit waiver of sovereign immunity into the statute. Because "[s]overeign immunity may be waived only through a statute;"Struckman v. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987); the plaintiffs' common law claims against the state also fail as a matter of law.
The state also argues that the plaintiffs failed to obtain authorization from the claims commissioner to sue the state pursuant to General Statutes § 4-140 et seq. "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim." Krozser v. New Haven, supra, 212 Conn. 421. General Statutes § 4-160 (a) stipulates: "When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." "This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other CT Page 1229 statutory provisions." (Internal quotation marks omitted.) Krozser v. NewHaven, supra, 212 Conn. 421; Capers v. Lee, 239 Conn. 265, 271-72,684 A.2d 696 (1996).
A person wishing to raise a claim against the state in situations where sovereign immunity has not been waived must file a claim with the claims commissioner. General Statutes § 4-147.[5] General Statutes §4-148 mandates that "[e]xcept as provided in subsection (b) of this section, no claim shall be presented under this chapter but within one year after it accrues." For those claimants who fail to meet the requirements set out in subsection (a), subsection (b) provides them with a possible alternative avenue of relief. Subsection (b) provides in relevant part that "[t]he General Assembly may, by special act, authorize a person to present a claim to the Claims Commissioner after the time limitations set forth in subsection (a) . . . have expired if it deems such authorization to be just and equitable and makes an express finding that such authorization is supported by compelling equitable circumstances and would serve a public purpose." General Statutes §4-148 (b).
In the present case, the plaintiffs filed a claim with the claims commissioner, but the commissioner has yet to render a determination. "The claims commissioner . . . may waive [sovereign] immunity, pursuant to General Statutes § 4-160 (a), and consent to suit. Until thathappens, however, the Superior Court has no jurisdiction to hear any such monetary claim." (Emphasis added.) Krozser v. New Haven, supra,212 Conn. 423; see also Capers v. Lee, supra, 239 Conn. 267-68 n. 3. The plaintiffs have failed to obtain a waiver of sovereign immunity from the claims commissioner and, therefore, the court lacks subject matter jurisdiction to proceed any further with this action. The motion to dismiss is granted with respect to counts five, six, eleven and twelve.
The town moves to strike the plaintiffs' second, seventh and eighth counts of the amended complaint. Count two avers that the accumulation of ice and snow and the uneven condition of the bricks constitute a nuisance. Count seven alleges loss of consortium by Edward Bostick based on the allegations of count one. Count eight alleges loss of consortium by Edward Bostick based on the allegations of count two. The town argues that the plaintiffs' second and eighth counts are insufficient because the claims properly fall within the exclusive purview of § 13a-149. The town also contends that the seventh count is insufficient because § 13a-149 bars loss of consortium claims.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegation of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) CT Page 1230Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). Additionally, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id. "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000).
"A town is not liable for highway defects unless made so by statute. . . . Section 13a-149 affords a right of recovery against municipalities." Ferreira v. Pringle, supra,255 Conn. 341. Our Supreme Court has construed General Statutes § 52-557n[6] "to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiff's exclusive remedy." Id. Section 13a-149 provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." This provision "includes injuries caused by defective public sidewalks over which a municipality has assumed control." Rodriguez v. New Haven,183 Conn. 473, 475 n. 1, 439 A.2d 421 (1981). In the present case the plaintiffs have alleged that the sidewalk where the injury occurred was within the territorial limits or control of the town.
The courts have construed the term "defect" liberally to include ice and snow. "[A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." (Internal quotation marks omitted.) Sanzone v. Board of Police Commissioners,219 Conn. 179, 202, 592 A.2d 912 (1991). "It is also recognized that for purposes of recovery under § 13a-149 and § 13a-144, a highway can be considered defective, as claimed in the case at bar, by reason of ice or snow, depending, of course, on the circumstances and conditions." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419,426-27, 727 A.2d 1276 (1999). Accordingly, the plaintiffs' cause of action falls within the purview of § 13a-149.
Our Supreme Court has also held that a common law nuisance cause of action against a municipality is barred. Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192. The court noted that "in providing that no cause of action shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium. . . . Section 13a-149 does not permit damages for loss of CT Page 1231 consortium, but permits recovery only by the injured traveler." (Citation omitted; internal quotation marks omitted.) Id., 198-99. In the present case, count two sounds in nuisance and the seventh and eighth counts raise derivative causes of action by Edward Bostick. Accordingly, the town's motion to strike with respect to counts two, seven and eight is granted.
Potter, J.