[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed a complaint, returnable September 24, 1991, and amended the complaint on December 17, 1991, alleging six counts of negligence against four defendants. Plaintiff was a passenger in a motor vehicle which was owned by the defendant Mason and was being operated by the defendant DeFelice. The incident occurred on August 30, 1991, while the motor vehicle was being operated in the Town of Branford on Pine Orchard Road, a state highway.
Defendant DeFelice is alleged to have lost control of the Mason vehicle, causing it to veer off the highway and collide with a stone wall, thereby causing injuries to the plaintiff. Defendant North Haven Construction Co., Inc. is alleged to have caused the plaintiff to sustain injuries by blocking a portion of the highway with its construction equipment. The Town of Branford is alleged to be responsible for the accident pursuant to the provisions of 13a-149 General Statutes, and, pursuant to the provisions of 19a-335 of the statutes, the Town is alleged to be responsible for the injuries sustained by the plaintiff for maintaining a nuisance, in that it allowed and permitted the construction equipment to remain upon and obstruct the highway.
The Town filed a motion to strike the nuisance count, claiming that said count is precluded by the provisions 52-557h of the statutes. In Sanzone v. Board of Police Commissioners, 219 CT Page 6711-Y Conn. 179, 192 (1991), 52-557 was constructed to provide that action under the defective highway statute, 13a-149, was "a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge."
Notwithstanding the holding in Sanzone, a party is not thereby precluded from pleading, in the alternative, a cause of action grounded in nuisance since not all highway-related injuries are claimed to result from a "defective road or bridge." Id., 192 n. 11.
The sixth count of the complaint alleges that the Town of Branford, "pursuant to Connecticut General Statutes 19a-335
has allowed and permitted the construction equipment to remain on the highway by which the passage of travelers was obstructed and endangered and as such, has allowed the existence of a nuisance.
No cases have been cited in support of any claim that, as a matter of law, leaving construction equipment on a highway constitutes a "defect" pursuant to the provisions of 13a-149.
"In deciding on a motion to strike or demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must construe the facts in the pleading in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273,278 (1988).
When the facts provable under the pleadings would support a cause of action or a defense, the motion to strike must fail. Mingachos v. C.B.S., Inc., 196 Conn. 91, 109 (1985). "It is well established that a town may be held liable for injury resulting from a nuisance created and maintained by it." Dingwell v. Litchfield, 4 Conn. App. 621, 624 (1985). The court also noted that:
 "Actions against public authorities founded upon such nuisance fall into three general classes: (1) nuisances which result from the conduct of the public authority in violation of a statute; (2) nuisances which are intentional in the sense that the creator intended to bring about the conditions constituting a nuisance; (3) nuisances having their origin in negligence, that is, in the failure of the creator of the conditions to exercise due care."
CT Page 6711-Z
Id. (Citation omitted).
Defendant Town of Branford's motion to strike the sixth count of the complaint is denied for the reasons set forth herein.