[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit against Emil Frankel, the Commissioner of the Department of Transportation ("DOT"), and American Airlines for injuries sustained in a fall at Bradley International Airport. At the outside entrance to the departure terminal is a ramp area covered with a carpet or mat CT Page 6497-T secured at the edges by a metal strip. The plaintiff claims the metal strip was "raised and not flush with the surface" causing her to fall. The carpet area is at front of the doors to the terminal and connected to the sidewalk which is adjacent to the roadway where vehicles are driven up to drop off passengers. The plaintiff avers and the DOT does not dispute the area is owned and maintained by DOT.
On April 2, 1991, prior to the commencement of this action, the plaintiff served notice of claim on the then commissioner of transportation pursuant to Conn. General Statutes 13a-144. It provides, in pertinent part:
 "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and CT Page 6497-U place of its occurrence has been given in writing within ninety days thereafter to the commissioner."
The incident is alleged to have occurred March 18, 1991; notice was given the commissioner April 2, 1991, and the instant action served on the defendants by the sheriff March 16, 1993.
On June 11, 1993, the DOT filed a motion for summary judgment claiming that Conn. Gen. Stat. 13a-144 did not apply as the plaintiff alleges the ramp was on "premises of American Airlines Departure Terminal," and therefore permission to sue the state must first be obtained by the plaintiff in accordance with Conn. Gen. Stat. 4-160(a) which essentially authorizes the State Claims Commissioner to allow such claims when deemed "just." Since no authorization to sue was given pursuant to Conn. Gen. Stat. 4-160(a), the plaintiff's claim is fatally defective, according to the DOT. In addition, at oral argument, counsel for the DOT reasoned that even assuming arguendo that a proper claim was brought under Conn. Gen. Stat. 13a-144, the ramp at the terminal is not adjacent to a highway and thus not covered by the statute. The defendant has filed a memorandum and affidavits CT Page 6497-V with its motion and the plaintiff has also filed a reply memorandum and affidavit pursuant to Practice Book 380.
"A motion for summary judgment is designed to dispose of actions in which there is no genuine issue of material fact." Michaud v. Gurney, 168 Conn. 431, 433 (1975). The standard for determining whether the moving party, in the present case, the plaintiff, has met the burden of proof is whether a party would be entitled to a directed verdict on the same facts. State v. Grogin,208 Conn. 606, 616 (1988). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). The motion for summary judgment must be supported by appropriate documents, including affidavits, certified transcripts of testimony taken under oath, disclosures and written admissions. The adverse party is also required to "file opposing affidavits and other documentary evidence." Conn. Practice Book 380. CT Page 6497-W
The defendant DOT places considerable emphasis on the allegations in the first paragraph of the complaint. It reads as follows:
 "1. On or about March 18, 1991, at approximately 10:40 a.m., the plaintiff Alice Grusse was on the premises of American Airlines Departure Terminal located at Bradley International Airport, Windsor Locks, Connecticut." (Emphasis added.)
Because the plaintiff alleges she fell on the "premises" of American Airlines, the defendant DOT reasons that there was no duty on DOT to keep them in repair. In the second paragraph of the complaint the plaintiff states:
 "2. At all times hereinafter mentioned, the defendant [DOT] was the owner and in control of the premises."
While paragraph one may be somewhat inartfully drafted, the court concludes that the use of the word "premises" was merely a general description of the location of the incident, not a legal conclusion as to the ownership and control of the area in question. CT Page 6497-X Furthermore, the assertion in paragraph two is that the defendant DOT was the owner and in control of the premises which lends support to the court's reading of the first paragraph that "premises of American Airlines" was not intended to connote legal ownership or control but merely the general locus of the plaintiff s fall. If the two paragraphs are contradictory; the court is presented with a general issue of material fact which successfully thwarts a motion for summary judgment.
The second prong of the defendant DOT's argument is that even if Conn. Gen. Stat. 13a-44 does apply to the facts in this case, and permission to sue is unnecessary through Conn. Gen. Stat. 4-160, the entrance ramp is not part of a highway or sidewalk. Cited in defendant DOT's reply memorandum to plaintiffs objection to summary judgment dated July 19, 1993, are a series of cases which address the analogous statute regarding roads and municipal liability. Conn. Gen. Stat. 4-149. In these cases, an entrance to a school was held not to be a part of a road, Lawrence Steeg v. City of Stamford, 2 Conn. L. Rptr. 67 (1990); a platform adjacent to a railroad roadbed was held not to be a road under the Defective Highway Statute, Liang Huan Hu, et al v. Metro North Commuter Railroad, 4 Conn. L. Rptr. 398 (1991); and it has been CT Page 6497-Y held that state or municipal parking lots do not come within the purview of the statute, Paternoster v. Stratford, 8 Conn. L. Rptr. No. 1, 24 (1993), and cases cited therein. All of these cases are distinguishable from the case at bar where ownership and control over the sidewalk and ramp are claimed to be under the defendant DOT's authority. At oral argument, the plaintiff and the defendant DOT disagreed as to whether the ramp was a part of, an extension of, or separate from the sidewalk. In support of the plaintiff's opposition to the motion for summary judgment she argues that the ramp was merely an extension of the sidewalk in front of and outside the terminal building. The court was shown photographs of the area at oral argument which confirm the location of the ramp.
Once again, the legal status of the ramp vis-a-vis the sidewalk is a genuine issue of material fact.
In ruling on a motion for summary judgment the facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes CT Page 6497-Z any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc.,178 Conn. 262, 269 A.2d 311 (1979). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." (Citations omitted). Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
As there are genuine issues of material fact, the motion for summary judgment is denied.
Stanley, J.