[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for damages under the defective highway statute, General Statutes 13-149a. The plaintiff, Kenneth Mercado, alleges in his revised complaint, dated May 5, 1993, that on or about January 22, 1991, he fell on stairs adjacent to the terminal at the Westport railroad station, and sustained personal injuries. The complaint alleges that the landing area and stairs adjacent to the railroad station were public highways operated, maintained, and controlled by defendant Town of Westport, and that the Town was negligent in allowing snow and ice to accumulate on the stairs for an unreasonable period of time without warning passengers of the dangerous condition or attempting to sand or salt the area. In plaintiff's original action, there was a second count directed to Metro-North, but summary judgment was granted as to that defendant by this court, Dean, J., on July 19, 1993.
The defendant Town presently moves to strike (#115) the remaining count of plaintiff's complaint, Practice Book 152, on the ground that it is legally insufficient in that it seeks recovery pursuant to 13a-149 for a fall on a railroad platform, an area outside the "highway defect" statute.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike CT Page 9645 must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
In support of its motion, the defendant argues that stairs and landing at a railroad station are not covered by the defective highway statute, and that this issue may be decided as a matter of law. In response, plaintiff claims that as a result of the motion for summary judgment filed by Metro-North, this court found that the stairway and landing area were within the control of the town of Westport, and maintained by the town pursuant to a lease agreement between the state and the town. The plaintiff further argues that the stairway where plaintiff fell was a public stairway within the meaning of the highway defect statute, as it was used by the public "as a means of egress and ingress from the railroad station."
"A defect in the highway is `[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . .'" (Citation omitted.) Hall v. Burns, 213 Conn. 446,461-62, 569 A.2d 10 (1990). "Whether there is a defect in such proximity to the highway so as to be considered `in, upon, or near the traveled path' of the highway, must be determined on a case by case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury . . ." Torres v. Burns, Superior Court, Judicial District of New Haven at Meriden, Docket No. 229794 (May 1, 1991), quoting Baker v. Ives, 162 Conn. 295, 300, 294 A.2d 290 (1972). However, where a path "is so far removed from the traveled path of the highway . . . the question may be resolved as a matter of law." Steeg v. City of Stamford, 2 Conn. L. Rptr. 67, 68 (July 12, 1990, Lewis, J.) (sidewalk at entrance of school, controlled by Board of Education, does not come within defective highway statute).
On a motion for summary judgment, Judge Mottolese found that awaiting platform at a railroad station was not a "highway" within the meaning of 13-149a. Hu v. Metro-North Commuter Railroad,4 Conn. L. Rptr. 398 (August 6, 1991). However, Hu addressed a motion for summary judgment rather than a motion to strike, and the case involved a railroad platform rather than stairs and a landing area over which the town admittedly had control.
On a motion to strike the only question is whether plaintiff has sufficiently pleaded the cause of action alleged. In the CT Page 9646 revised complaint, plaintiff alleges that he fell on a landing area and stairs as a result of an accumulation of ice and snow on such stairs, that he was exercising due care, that the town in the exercise of reasonable care and inspection should have known of the condition of the stairway, and that the town failed to remedy the condition although it existed for a reasonable period of time. Plaintiff has sufficiently stated the requirements for a cause of action under the defective highway statute set out by the Connecticut Supreme Court in Hall v. Burns, supra. Accordingly, plaintiff's claim is legally sufficient and defendant's motion to strike the remaining count of plaintiff's complaint is denied.