[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Minerva Fox, seeks to recover for injuries sustained when she fell on the landing area of an escalator at the Stamford train station on November 12, 1992. In count one of her complaint, plaintiff asserts a claim under the defective highway statute, General Statutes § 13a-149, against the defendant City of Stamford ("City") and in count three, a negligence claim also based upon § 13a-149, against defendant Metro-North Commuter Railroad CT Page 10051 ("Metro-North"). In courts two and four, plaintiff asserts nuisance claims against both defendants.
In its answer, dated April 6, 1994, the City admits that it controlled, possessed or maintained portions of the train station, but denies that it controlled, possessed or maintained all of the station premises. The City also filed a special defense, alleging that plaintiff's injuries were due to her own negligence. In Metro-North's answer, it denies plaintiff's claim that it controlled, possessed or maintained the station premises. Additionally, Metro-North asserted two special defenses, alleging that plaintiff's action is barred by the statute of limitations contained in § 1276 of the New York Public Authorities Law and that plaintiff's injuries were caused by her own negligence.
Metro-North has filed a motion for summary judgment (#116) directed to counts three and four of plaintiff's complaint, on the grounds that Metro-North did not control, maintain or possess the property where plaintiff's alleged accident occurred, as such property is owned by the state of Connecticut and is leased to the City. In support of its motion for summary judgment, Metro-North submitted copies of plaintiff's "nonprivileged statement" concerning the accident and the lease agreement between the state and the city for the train station. The City also filed a motion for summary judgment (#123) directed to count one of the complaint, on the grounds that the area near the escalators at the train station is not a road or highway within the meaning of General Statutes § 13a-149. In support of its motion, the City filed the affidavit of Tom Fava, Productivity Planner for the City's Department of Public Works, indicating the distance of the alleged location of plaintiff's fall and the nearest street, either Station Place or Washington Boulevard.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246-47,618 A.2d 506 (1992); Practice Book § 384. A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin,208 Conn. 606, 616, 546 A.2d 250 (1988). CT Page 10052
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations and internal quotation marks omitted). Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of act does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., supra, 214 Conn. 579. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont PlasticCorp., supra. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Id.
It is the opinion of this court that genuine issues of material fact exist which warrant a denial of both motions for summary judgment. As for Metro-North's motion, it is not clear who controlled, possessed or maintained the portion of the train station where plaintiff's alleged accident occurred. Metro-North claims that the City is the responsible party and submits the lease between the state and city, which indicates that "the City agree[d] to assume responsibility for the maintenance, administration of subleases, and general management of the Premises and Transportation Center." (Lease, § 7.04, p. 34). "Pavement resurfacing" is listed under the maintenance obligations. (Lease, § 7.04, p. 34). However, in its answer, the City denies plaintiff's claim that it controlled, possessed, or maintained all of the station premises. Since the parties do not agree on the issue of who controlled, possessed or maintained the area in question, an issue of material fact exists. It would not be appropriate for this court, on a motion for summary judgment, to determine which defendant controlled the portion of the premises where plaintiff's alleged accident occurred.
"`In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist.'" (Citation omitted.) Dolnack v. Metro-North Commuter Railroad Co., 33 Conn. App. 832,838, 639 A.2d 530 (1994). The court finds that such a issue does exist and that Metro-North has not met its burden of proving that it is entitled to judgment as a matter of law. Metro-North's motion for summary judgment is therefore denied. CT Page 10053
As noted above, the City's motion for summary judgment is based upon the premise that the platform at the bottom of the elevator is not a road or sidewalk within the meaning of the defective highway statute. The plaintiff, on the other hand, claims that she fell on a sidewalk which precedes a platform of the elevator.
General Statutes § 13a-149 imposes liability upon municipalities for injuries or damages caused by defective highways, bridges, or sidewalks. See Ryszkiewicz v. City of NewBritain, 193 Conn. 589, 593-94, 479 A.2d 792 (1984). "A defect in the highway is "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Citations omitted; internal quotation marks omitted.) Hall v.Burns, 213 Conn. 446, 461-62, 569 A.2d 10 (1990). "`Whether there is a defect in such proximity to the highway so as to be considered `in, upon, or near the traveled path' of the highway, must be determined on a case by case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury . . . .'" (Citations omitted.) Mercado v. Metro NorthCommuter Railroad, 8 CSCR 1282 (November 5, 1993, Lewis, J.) (motion to strike on ground that stairs and landing area at railroad station not within defective highway statute denied). However, the question has been resolved as a matter of law when a path was "so far removed from the traveled path of a highway . . . ." Id., quoting Steeg v. City of Stamford, 2 Conn. L. Rptr. 67, 68 (July 12, 1990, Lewis, J.) (sidewalk at entrance of school which was controlled by Board of Education not within statute); see alsoHu v. Metro-North Commuter Railroad, 4 Conn. L. Rptr. 398 (August 6, 1991, Mottolese, J.) (waiting platform at railroad station not within statute).
The present case is similar to a recent Superior Court case where a plaintiff filed an action against the Commissioner of the Department of Transportation "DOT") and American Airlines, seeking to recover for injuries sustained on a fall on a ramp at Bradley International Airport. (Grusse v. Frankel, 8 CSCR 903 (September 13, 1993, Stanley, J.). In that case, the DOT did not dispute the fact that it controlled the area where the accident occurred. Id. The court denied the DOT's motion for summary judgment, finding that since the parties disagreed on the issue of whether the ramp was an extension of the sidewalk, "the legal status of the ramp vis-a-vis the sidewalk is a genuine issue of material fact." Id., CT Page 10054 104.
In the present case, the City admits that it controlled, possessed or maintained portions of the train station. Additionally, plaintiff, like the plaintiff in Grusse v. Frankel,supra, claims that her fall occurred on part of a sidewalk. The court finds that it is not clear from the materials submitted by the parties that the area where plaintiff's alleged accident occurred was so far away from a road or sidewalk as to justify a finding that it was not covered by the defective highway statute as a matter of law. The City's motion for summary judgment is accordingly denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of October, 1994.
WILLIAM B. LEWIS, JUDGE