[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
Greenberg, Hurwitz Cooper for plaintiff.
Mulvey, Oliver Gould and New Haven Corporation Counsel for defendant.
On December 13, 1993, the plaintiff, Mary Lafferty, filed a four count revised complaint against the defendant, City of New Haven. The complaint arises out of the plaintiff's slip and fall on an alleged defective handicap ramp at Tweed-New Haven Airport.
The first count claims negligence against the defendant in various respects connected with the construction and maintenance of the ramp and "cut". The second count is a claim under the defective highway statute, General Statutes § 13a-149. The third count claims public nuisance. The fourth count alleges various ways the defendant breached its statutory duty imposed pursuant to General Statutes § 7-118a.
On January 3, 1994, the defendant filed a motion to strike the first, third and fourth counts of the plaintiff's complaint on the following grounds: 1. that General Statutes § 13a-149, the defective highway statute, is the plaintiff's exclusive remedy; and 2. that municipal immunity bars causes of action in tort against a municipality for performance of its public duty. Additionally, the defendant argues, count four fails because there is no cause of action for violation of General Statutes § 7-118a.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The court may only consider the grounds raised in the motion to strike. Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the CT Page 11209 truth or accuracy of opinions stated in the pleadings." Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "Where legal grounds for . . . a motion [to strike] are dependant upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. . . ." Liljedahl Brothers, Inc. v. Grigsby,215 Conn. 345, 348-49, 576 A.2d 149 (1990). "The court cannot consider . . . extraneous material on a motion, to strike." ConnecticutState Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771
(Super.Ct. 1979).
A. General Statutes § 13a-149
Any person injured "by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes § 13a-149. Section 13a-149 is "the exclusive remedy against a municipality . . . for damages resulting from injury to any person . . . by reason of a defective road or bridge." (citation omitted.) Sanzone v. Board of Police Commissioners,219 Conn. 179, 192, 592 A.2d 912 (1991). The phrase "road or bridge" in § 13a-149 has been extended to cover injuries sustained on sidewalks. See, e.g., Rodriguez v. New Haven, 183 Conn. 473,439 A.2d 421 (1984); Angelillo v. Meriden, 136 Conn. 553, 556,72 A.2d 654 (1950). On the other hand, § 13a-149 has not been extended to cover municipal or state parking lots. See Paternoster v.Stratford, 8 Conn. L. Rptr. 24 (November 24, 1992, Leheny, J.);Alfano v. Litchfield, Superior Court, judicial district of Litchfield, Docket No. 0057686 (April 13, 1992, Pickett, J.);Appleton v. Kendra 6 CSCR 1021, 1022 (October 22, 1991, Hennessey J.), citing Rotella v. Waterbury, 4 CSCR 544 (May 31, 1989, Langenbach, J.).
"Whether a highway is defective may involve issues of fact but whether the facts alleged would if true, amount to a highway defect according to statute is a question of law which may be determined on a motion to strike." Sanzone, supra 201. In one case, however, the superior court stated that "the legal status of a ramp," which connected a parking lot at Bradley International Airport with the sidewalk adjacent to the American Airlines Terminal, was a genuine issue of fact. Grusse v. Frankel,8 CSCR 903 (July 28, 1993, Stanley, J.).
This case is distinguishable from Sanzone in that the issue is not whether the facts alleged support an action for a defective highway, but rather whether the property at issue is a "road or CT Page 11210 bridge" as contemplated by the statute. By arguing that the plaintiff's exclusive remedy is General Statutes § 13a-149, the defendant's motion to strike is based upon law and facts which require a legal determination that is outside the scope of a motion to strike. The legal status of the ramp is dependent upon underlying facts which are not alleged, such as the ownership and control of the property. See Grusse v. Frankel, supra. Because the court must look to facts outside the pleadings, this is an improper speaking motion.
Moreover, a motion to strike is generally limited to whether the pleadings state a legally cognizable cause of action. See Practice Book § 152. The defendant's arguments, which are comprised of questions of law, can more appropriately be considered as a special defense or on a motion for summary judgment. See Practice Book §§ 164 and 380; Venturi v. William W. BackusHospital, Superior Court, judicial district of New London at New London, Docket No. 523510 (July 1, 1993, Hendel, J.) (motion to strike actions for negligent and intentional infliction emotional distress denied); see also Grant v. Bassman, 221 Conn. 465,604 A.2d 814 (1992) (the issue of whether an injured plaintiff elected workers' compensation as his exclusive remedy should be raised by a special defense and not a motion to dismiss); See also Cecere v.LaBonne's Epicure, Inc., 8 Conn. L. Rptr. 465 (March 11, 1993, Wagner, J.); Kinosh v. Stephen Chevrolet, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506307 (February 10, 1993, Dunn, J.).
And finally, "[n]otwithstanding the holding in Sanzone a party is not thereby precluded from pleading in the alternative, [another] cause of action . . . since not all highway related injuries are claimed to result from a "defective road or bridge." Chieppov. Mason, 8 CSCR 853 (July 12, 1993, Gray, J.), citing Sanzone v.Board of Police Commissioners, supra, 192 n. 11; Arbenz v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265761 (October 24, 1990, Thim, J.), citing Practice Book § 137.
B. Governmental Immunity
"Generally governmental immunity must be specially pleaded.Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982). If, however, "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by plaintiff, the CT Page 11211 defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." (Citation omitted.) Brown v.Brandford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987).
"`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.'" (Citations omitted.) Gauvin v.New Haven, supra. "Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act." Kolaniak v. Board ofEducation, 28 Conn. App. 277, 281, 610 A.2d 193 (1992), citingGordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68,544 A.2d 1185 (1988).
"[D]istinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. Bridgeport HousingAuthority, supra, 170. "If the act is mandated by rule of law or by statute, it is likely to be ministerial." Condito v. City ofStamford, 4 Conn. L. Rptr, 75, 77 (May, 14, 1991, Karazin, J.), citing Shore v. Stonington, 187 Conn. 147, 153, 444 A.2d 1379
(1982). General Statutes § 7-118a specifies the construction requirements for handicap ramps and the plaintiff alleges that the ramp was not constructed according to the statutory guidelines. However, simply because a statutory violation may be found does not necessarily mean that the defendant was performing a ministerial duty. Stevens v. DeLieto, Superior Court, judicial district of New London at New London, Docket No. 515353, p. 15 (January 24, 1992, Hendel, J.)
In the instant matter, neither party has offered any authority, nor has research revealed any authority, on the issue of whether the failure to construct and/or maintain a handicap ramp involves discretionary or ministerial acts. "Whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act." Gordon, supra 165.
As discussed above, the determination of such facts are beyond the scope of a motion to strike.
C. General Statutes § 7-118a, Negligence per se
CT Page 11212
 In order to establish liability as a result of a statutory violation, a plaintiff must satisfy two conditions. "First, the plaintiff must be within the class of persons protected by the statute. [Coughlin v. Peters, 153 Conn. 99, 101, 214 A.2d 127 (1965)]; Hassett v. Palmer, 126 Conn. 468, 473, 12 A.2d 646
[1940]; Monroe v. Hartford Street Ry. Co., 76 Conn. 201, 207, 56 A. 498 (1903). Second, the injury must be of the type which the statute was intended to prevent. Toomey v. Danaher, 161 Conn. 204, 212, 286 A.2d 293 [1971]; Longstean v. McCaffrey's Sons, 95 Conn. 486, 36; Restatement (Second), 2 Torts 286, 288." Wright v. Brown, 167 Conn. 464, 468-69, 356 A.2d 176 (1975).
Berchtold v. Maggi, 191 Conn. 266, 274-75, 464 A.2d 1 (1983).
General Statutes § 7-118a provides in relevant part:
 (a) All curbs and sidewalks constructed or replaced on or after January 1, 1980, shall be designed with cuts at all pedestrian crosswalks to provide adequate and reasonable access for the safe and convenient movement of physically handicapped persons. . . . Such cuts shall be positioned so as not to cause a safety hazard for blind pedestrians.
No Connecticut cases interpret General Statutes § 7-118a. The plaintiff alleges she is a handicapped person; therefore, she belongs to the class of persons that the statute intended to protect. It is unclear whether the statute was enacted to specifically prevent injury to handicapped pedestrians or to exclusively mandate guidelines for the construction of the "cuts", or both.
Nevertheless, "[i]f a plaintiff alleges that a statute . . . has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated."Commercial Union Ins. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253,258, 566 A.2d 431 (1989), citing Wu v. Fairfield, CT Page 11213204 Conn. 435, 438 528 A.2d 364 (1987).
The determination of whether a private duty exists goes beyond a motion to strike, as discussed above, and is more appropriately addressed as a special defense or on a motion for summary judgment. The plaintiff has alleged a breach of § 7-118a and alleges that breach caused her injuries. Therefore, the plaintiff has alleged sufficient facts to sustain an action for negligence per se.
For the reasons stated above, the defendant's motion to strike is denied.
Robert A. Martin, Judge